UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAQUELINE WISE, ET AL

VERSUS

ACADEMY LTD., ET AL

CIVIL ACTION

NUMBER 13-569-JJB-SCR

### ORDER TO AMEND NOTICE OF REMOVAL

Defendant Academy, Ltd. d/b/a Academy Sports + Outdoors removed this case from state court asserting subject matter jurisdiction under 28 U.S.C. § 1332(a), diversity of citizenship.

When jurisdiction depends on citizenship, the citizenship of each party must be distinctly and affirmatively alleged in accordance with § 1332(a) and (c).[1]  Under § 1332(c)(1) a corporation is deemed to be a citizen of every state in which it is incorporated, and of the state in which it has its principal place of business.  For purposes of diversity, the citizenship of a limited liability company or partnership is determined by considering the citizenship of all its members.[2]  Thus, to properly allege the citizenship of a limited liability company or

---

[1] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10, at 1662); *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009).

[2] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *see Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 1021 (1990).

partnership, the party asserting jurisdiction must identify each of the entity's members and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).[3] The state where a limited liability company or partnership is organized and where it has its principal place of business does not determine its citizenship for the purpose of § 1332.

Defendant alleged in its Notice of Removal that the plaintiffs are citizens of Louisiana.  As to its own citizenship, the defendant identified two partners, both limited liability companies (LLC).  Each of those LLCs has at its sole member New Academy Finance Company LLC.  That LLC's sole member is New Academy Holding Company, another LLC, with its principal place of business in Texas.[4]  Under *Harvey v. Grey Wolf Drilling Co.* the defendant has not adequately alleged its citizenship.  Defendant failed to identify the members of New Academy Holding Company, who or which may be individuals, corporations, other limited liability companies, or some other form of entity, and failed to properly allege the citizenship of each its member in accordance with § 1332(a) and (c).  This failure makes it impossible for the court to

---

[3] The same requirement applies to any member of a limited liability company which is also a limited liability company or a partnership. *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154 (M.D.La. Sept. 24, 2007)(when partners or members are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are); *Mullins*, *supra*.

[4] Notice of Removal, ¶ 18.

determine the citizenship of the defendant, and consequently, whether there is complete diversity.

Therefore;

IT IS ORDERED that the removing defendant Academy, Ltd. d/b/a Academy Sports + Outdoors shall have 14 days to file an Amended Notice of Removal which correctly alleges its citizenship in accordance with 28 U.S.C. § 1332(a) and (c) and *Harvey v. Grey Wolf Drilling Co.*

**Failure to comply with this order may result in the case being remanded without further notice for lack of subject matter jurisdiction.**

Baton Rouge, Louisiana, August 29, 2013.

                                                STEPHEN C. RIEDLINGER
                                                UNITED STATES MAGISTRATE JUDGE